### ALLGOOD v. HINES, Director General of Railroads.

(Circuit Court of Appeals, Fifth Circuit. March 14, 1923.)

No. 3790.

1. Railroads ⬤⟹346(2)—Statutory burden of proof defined.

Under Code Ala. 1907, § 5476, providing that, in a suit against a railroad company for injury by its locomotives or cars, the burden of proof is on the company "to show that there was no negligence on the part of the company or its agents," as construed by the Supreme Court of the state, where the complaint specifies the manner in which the injury occurred, evidence to sustain such allegations is required before

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the burden of proof is cast on defendant, since it is not required to disprove negligence which could have had no relation to the injury.

**2. Appeal and error ⬤⟹1001(1)—Judgment not subject to reversal, where contrary verdict should have been set aside.**

A judgment against a plaintiff is not subject to reversal, where, if a verdict in his favor had been rendered on the evidence adduced, it should have been set aside on the ground of the insufficiency of the evidence.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action at law by Clarence W. Allgood, a minor, by his next friend, R. V. Allgood, against Walker D. Hines, Director General of Railroads. Judgment for defendant, and plaintiff brings error. Affirmed.

G. R. Harsh, of Birmingham, Ala., for plaintiff in error.

J. T. Stokely and R. H. Scrivner, both of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error (herein called plaintiff) to recover damages for personal injuries received by him while he was on Fifty-Fifth street in the city of Birmingham, at or near the intersection of that street with the railway upon which the defendant in error (herein called defendant) was operating a train. The count of the complaint upon which the case was submitted to the jury alleged that while plaintiff was at the above-mentioned place:

"Said train, or some projection therefrom, or object thrown, projected, or falling therefrom, struck, knocked, or caused plaintiff to fall, and said train, or some part thereof, ran upon, over, or against plaintiff, and caused both of plaintiff's legs or parts thereof, to be amputated," etc.

The evidence adduced was to the effect that part of the freight train passed the plaintiff while he was waiting for it to pass before anything happened to cause him to be injured. At the request of the defendant the court gave to the jury the following charges:

"The court charges the jury that the burden of proof in this case rests upon the plaintiff in the first instance to reasonably satisfy you by the evidence that he was knocked under the train by something projecting from or falling from the train, and unless the evidence so satisfies the jury you cannot return a verdict for the plaintiff."

"The court charges the jury that the burden of proof is not placed upon the defendant by proof alone of the fact that the train ran over the plaintiff, but before the defendant would be called upon to show itself free from negligence, the plaintiff must reasonably satisfy you from the evidence that something from the train struck him and caused him to fall under the train."

[1] It is contended that the above set out charges are in contravention of the rule as to burden of proof which is embodied in the following Alabama statute:

"A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the re-

quirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents." Code of Alabama 1907, § 5476.

The "three preceding sections" referred to in the just quoted section respectively prescribe the signals to be given before a train reaches a public road crossing or other places mentioned, what is required to be done at crossings of railroads at grade, and the notice to be given by signboard at points where a railroad crosses any public road. It is insisted that, under the statute quoted, to put on the defendant the burden of proof to show that there was no negligence on its part or the part of its agents, nothing more was required of the plaintiff than to adduce prima facie evidence that the train ran over him, and that the burden was not upon him in the first instance to reasonably satisfy the jury by evidence that he was struck, knocked, or caused to fall in a manner alleged in the complaint.

The decision in the case of Louisville & Nashville R. Co. v. Moran, 200 Ala. 241, 76 South. 7, is to the effect that, where a complaint specifies the circumstances under which the plaintiff received a complained of injury by a train, evidence to sustain such allegations is required before the statutory burden of proof is cast on the defendant to show that there was no negligence on the part of it or its agents. The above-mentioned count in the instant case is specific in its allegation to the effect that the plaintiff was struck, knocked, or caused to fall by the train itself, or by some projection therefrom, or object thrown, projected, or falling therefrom, with the result that the train ran over him. The first stated alternative of this allegation, to the effect that the train itself struck, knocked, or caused plaintiff to fall, with the result alleged, was negatived by all the evidence adduced as to the circumstances under which the plaintiff was hurt. Evidence relied on by the plaintiff showed that while he was standing beside the track, and far enough away from it to be clear of a passing train itself, part of the train passed him before he was hurt. Undisputed evidence showed that the injury complained of was not attributable to "a failure to comply with the requirements of the three preceding sections," or to the plaintiff being struck, knocked, or caused to fall by the train itself.

The statute does not require a defendant to disprove negligence which undisputed evidence adduced shows could not have contributed to the injury complained of. In the above-stated condition of the evidence the situation presented was the same as it would have been if the allegation of the count had been that plaintiff was struck, knocked, or caused to fall by some projection from the train, or object thrown, projected, or falling therefrom, in consequence whereof said train, or some part thereof, ran upon, over, or against him. The plaintiff, having specified in his complaint how the alleged injury complained of was inflicted, was required to adduce evidence in support of such allegation before the burden of proof was cast on the de-

fendant to show that there was no negligence on the part of it or its agents. The statute does not purport to relieve a plaintiff of the duty of adducing evidence to support material descriptive allegations of his complaint.

The giving of the following charges requested by the defendant is complained of:

"The court charges the jury that if, after a full and fair considera-tion of the evidence, the jury cannot say with reasonable certainty whether the plaintiff attempted to jump on the train, or was caused to fall there-under, by some projection therefrom or object thrown, projected or falling therefrom, you cannot return a verdict for the plaintiff."

It is urged that, by using the words "with reasonable certainty," too high a degree of evidence was required to support a finding by the jury. In view of the fact that the court in its oral charge many times instructed the jury to the effect that findings by them could be based on evidence reasonably satisfying them, there is ground for inferring that the court did not intend by the charge in question to state a different rule, and that the jury understood from the court's instructions as a whole that their findings could be based on evi-dence reasonably satisfying them. But, by reason of a conclusion to be stated, even if the charge in question was faulty, the giving of it would not justify a reversal.

We are of opinion that on the evidence adduced an instruction to find in favor of the defendant would have been proper. The plaintiff, a boy 16 years old at the time he was hurt, and three other boys, Palmer Webb, 12 years old, Walter Webb, 15 years of age, and John Turner, whose age was not stated, testified as witnesses for the plain-tiff. According to their testimony all of them were on the same side of the track and not far from it while the train was passing. Palmer Webb was right by or behind the plaintiff just before the latter was hurt, and the other two boys were a short distance away, all in full view of the train and of each other. None of them claimed that he saw anything projecting from the train, or anything thrown or fall-ing therefrom, or that he saw anything strike plaintiff. Plaintiff tes-tified that, while he was standing right about the end of the concrete sidewalk, something struck him somewhere in his back. He said:

"I didn't see anything hit me, and I don't know what it was. I just know something hit me. I don't know whether it was something attached to the train or not. I don't know where it came from."

A witness for the defendant, whose testimony was contradicted, testified that he saw the plaintiff grab at the front end of a tank car in the train as it was passing; that he seemed to miss catching some way, and fell, his feet and legs going under the car. The train start-ed from Finley Yards, about 3 miles from the scene of the accident. Testimony offered by the defendant was to the effect that the train was inspected just before it pulled out, and that there were no broken bolts or parts, or anything projecting from it. The crew was informed by wire of the accident when the train reached Weems, a distance of about 6 miles from the scene of the accident. A thorough inspec-tion of the train was then made, and everything found to be in good

condition, nothing broken, and nothing projecting, from the train. Blood was found on the rear trucks of the twelfth car. That car and the two cars next ahead of it in the train were tank cars constructed of metal. Many persons went to the scene of the accident soon after the plaintiff was hurt. So far as appears, there was no evidence of anything having fallen from the train.

[2] We do not think that any evidence adduced warranted a verdict in favor of the plaintiff. A finding that the plaintiff was struck, knocked, or caused to fall by something projecting from the train, or by some object thrown, projected, or falling therefrom, and that any of the defendant's employees were guilty of negligence contributing to his injury, would have been a mere guess or surmise, without substantial support in any evidence adduced. A judgment against a plaintiff is not subject to be reversed where, if a verdict in his favor had been rendered on the evidence adduced, that verdict should have been set aside on the ground of the insufficiency of the evidence.

No reversible error being shown, the judgment is affirmed.